## J. H. TILGE ET AL. v. M. BROOKS ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

Argued January 23, 1889—Decided February 11, 1889.

A false certificate and affidavit, in the organization of a limited partner-
ship under the act of March 21, 1836, P. L. 143, which will make a spe-
cial partner liable for the engagements of the firm as a general partner,
will not make him a general partner in fact, and liable for the contracts
of the firm incurred after his retirement, at the end of the term, without
notice of the dissolution.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 10 January Term 1889, Sup. Ct.; court below, No. 328
December Term 1883, C. P. No. 4.

On July 17, 1884, J. H. Tilge and Jesse A. Tilge, trading
as Henry Tilge & Co., brought assumpsit against " Matthew
Brooks, copartner of W. Howard Brooks and A. May Steven-
son, trading under the firm name of W. Howard Brooks &
Stevenson," to recover upon promissory notes and a book
account for goods sold and delivered to said firm in the year
1881.    On July 15, 1884, the defendant filed an affidavit de-
nying that he was a partner in said firm and pleaded to issue.*

At a second trial of this case on April 2, 1888, the plaint-
iffs introduced evidence from which it was claimed that the
following facts were shown :

That on January 1, 1872, Matthew Brooks, the defendant,
with W. Howard Brooks and A. May Stevenson, executed a
certificate of the organization of a special or limited partner-
ship, setting forth in compliance with the requirements of the
act of March 21, 1836, P. L. 143, that the business was to be

---

*Suit had been brought on December 1, 1883, to the same number and
term, against W. Howard Brooks and A. May Stevenson, trading as
W. Howard Brooks & Stevenson, and judgment recovered on February
26, 1884, for $7,378.66 ; and on June 2d, a rule to add Matthew Brooks,
as defendant, was made absolute.

conducted under the firm name of W. Howard Brooks & Stevenson, the general partners to be W. Howard Brooks and A. May Stevenson, and Matthew Brooks to be the special partner; that said special partner had contributed to the common stock of the firm the sum of $25,667.04, and that the said partnership was to begin on January 1, 1872, and to terminate on December 31, 1876, and this certificate was verified by affidavit, acknowledged, and was recorded on January 15, 1872.

That said certificate and affidavit were false, in that the defendant, instead of having paid into the firm stock the sum of $25,667.04, had actually paid in but $2,000 in cash, and the remainder in notes, debts, bills receivable and material, of which no appraisement had been made, as required by the statute, and most of the debts and bills receivable were bad.

It was further shown that the defendant, during the existence of the alleged special partnership, was occupied as the other partners about the store; that no sign was put up showing who was the special partner, and who the general partners, and, though the formation of the partnership was duly advertised, the plaintiffs had never seen the notice and knew nothing of its terms; that the firm failed in 1881 during which year the indebtedness to the plaintiffs was contracted, and the plaintiffs then for the first time discovered that the defendant had withdrawn his capital and retired in 1876; that no notice of defendant's retirement had been given, and thereafter the business had been carried on in the same name, with the same sign, in the same place, and with no change in the firm books.

At the close of the plaintiff's case, on motion of defendant's counsel, the court, THAYER, P. J., entered a judgment of compulsory nonsuit; with leave, etc. A motion to take off the judgment of nonsuit having been refused, the plaintiffs took this writ, assigning as error the entry of said judgment and the refusal of the motion to vacate it.

*Mr. Joseph Mellors* (with him *Mr. R. P. White*), for the plaintiffs in error:

This court has said that in order that partnerships shall be limited partnerships under the acts relating to that subject, the provisions of the laws which authorize their creation must be strictly complied with; if they are not, the partner-

ships thus sought to be created, simply fail to become special and remain general: Conrow v. Gravenstine, 17 W. N. 204; Vandike v. Rosskam, 67 Pa. 330; Haddock v. Manufacturing Corp., 109 Pa. 372. Haviland v. Chace, 39 Barb. 283, is on all fours with the present case, and it was held that if the formation of the partnership was defective, so that a limited partnership never took effect, the public or dealers are not affected with knowledge, by operation of law, of the expiration of the partnership, but, as in other general partnerships, the liability of all for the acts of each continues until proper notice to dealers and the public. To the same effect: Andrews v. Schott, 10 Pa. 50; Sharp v. Hutchinson, 100 N. Y. 533; W. G. Merrill and others, 12 Blatch. 224; Van Ingen v. Whitman, 62 N. Y. 513, 523; Buckley v. Bramhall, 24 How. Pr. 455; Patterson v. Holland, 7 Gr. Ch. 1; Clark v. Fletcher, 96 Pa. 416.

*Mr. N. H. Sharpless* (with him *Mr. R. C. McMurtrie*), for the defendant in error:

1. The relation of partners existed at common law, and its incidents were well known. A partnership, without more, involves an agency to contract for all and bind all as principals. The relation created under the act of 1836, is statutory, and so are the consequences of a failure to comply with its conditions. The provisions of the act run thus: "If any false statement be made in such certificate or affidavit, all the persons interested in such partnership shall be liable for all the engagements thereof, as general partners." The debt sued on not being an engagement of the partnership formed by the certificate, there is an end to the question.

2. The defendant is not within the common law rule that where a person was in fact a general partner, he becomes liable for the contracts of the firm made after he has ceased to be a partner, without notice of his retirement. The very ground of liability ceases by the plaintiffs' own case. It is because of the false certificate, and not because of a partnership contract that they claim a liability. If they knew that the certificate was false, they knew also the legal results of it, the liability for the engagements of that partnership, not for those of a future one. Moreover, a dormant partner need not

give notice, because he was not known to be a partner; it is the authorized belief that the agency continues that sustains the liability: 1 Lindley on Partnership, 343–5, 420, 429, 431; Thompson v. Bank of Toledo, 111 U. S. 536; Deford v. Reynolds, 36 Pa. 332.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant below, Matthew Brooks, was sued as a co-partner with W. Howard Brooks and A. May Stevenson, for a debt admittedly due by the firm of W. Howard Brooks & Stevenson. The grounds upon which this claim rested are these: Matthew Brooks had intended and attempted to form a partnership with William H. Brooks and A. May Stevenson in 1871, as a special partner. This special partnership was in fact a renewal of one made in 1866. The renewed partnership expired in 1876, when Matthew Brooks retired from the firm. The sales, for which it is sought to make him liable, were made in 1881, or about five years after dissolution of the firm of which he had been a member. When he retired no notice was given of the dissolution.

It was claimed, and I do not understand it to be disputed, that there were such irregularities in the formation of the special partnership, as to make the special partner liable to the penalties provided by the act of assembly in such cases. The eighth section of the act of March 21, 1836, P. L. 143, in regard to limited partnerships, provides that "If any false statement be made in such certificate or affidavit, all the persons interested in such partnership shall be liable for all the engagements thereof, as general partners."

There can be no doubt that during the time the defendant Brooks was a member of this firm he was liable for its engagements, by reason of his non-compliance with the statute. The plaintiffs below claim that he was in point of fact a general partner and was liable, after he left the firm, to creditors, by reason of his failure to give notice of his withdrawal, and a number of authorities are cited in support of this proposition; amongst others, Andrews v. Schott, 10 Pa. 47, where it was said by this court: "For unless the conditions of the act are substantially observed, all the defendants are general partners." The language quoted from Andrews v. Schott would seem to

be justified by the phraseology of the act of 1836, as, for instance, if the special partner transact any business on account of the partnership, or be employed for that purpose as agent, attorney, or otherwise, he shall be deemed a general partner. Like instances might be given from other sections of the act. But when the act declares that under certain circumstances a special partner shall be deemed a general partner, it certainly does not mean that he is in fact a general partner; indeed, there is in the language an implication that he is not. Nor do I see how the legislature can make a man a member of a firm without his consent and the consent of the firm. It may, indeed, make him liable for the debts of a firm as though he were a general partner, and this is all the legislature probably intended to do. The confusion upon this subject may be occasioned by the inaccurate language sometimes employed in referring to it. A man who is not a member of a firm may yet make himself liable to its creditors by holding himself out to such creditors as a partner. Yet in fact he does not become a partner; he is merely liable as a partner.

There being no general partnership so far as Brooks was concerned, only a liability on his part for the debts of the limited partnership because of its irregularities, we see no reason why he should have given notice of the dissolution of a partnership which never existed. Haviland v. Chace, 39 Barb. 283, was decided upon the New York statute and is not consistent with our own act of 1836. Nor are authorities elsewhere of much service to us in construing it. Under our statute no general partnership was formed; it does not say that an omission to comply with its requirements shall have the effect of creating a partnership not intended by the parties.

Judgment affirmed.